Filed 2/18/16 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2016 ND 24

In the Interest of N.C., a minor child 

------------

State of North Dakota, Petitioner and Appellee

v.

N.C., a child; M.C., mother; M.S., father Respondents

------------

M.C., mother, Appellant

No. 20150367

Appeal from the Juvenile Court of Stutsman County, Southeast Judicial District, the Honorable Thomas E. Merrick, Judge.

AFFIRMED.

Per Curiam.

Katherine M. Naumann, Assistant State’s Attorney, 511 Second Avenue SE, 

Jamestown, ND 58401, for petitioner and appellee; submitted on brief.

Mark T. Blumer, P.O. Box 7340, Fargo, ND 58106, for respondent and appellant M.C.; submitted on brief.

Interest of N.C.

No. 20150367

Per Curiam.

[¶1] The mother appeals from a juvenile court’s order terminating her parental rights to the child.  The juvenile court terminated the mother’s parental rights after finding that the child was deprived, the child was in the care, custody, and control of Stutsman County Social Services for more than 450 out of the previous 660 nights, and, absent termination, the deprivation was likely to continue.  The mother argues the juvenile court’s findings of fact are clearly erroneous because the State failed to prove, by clear and convincing evidence, that the child is deprived, the conditions and causes of the deprivation are likely to continue, and the child is suffering, or will probably suffer serious physical, mental, moral, or emotional harm absent termination.  The mother further argues the juvenile court should have used its discretion to continue placement through the underlying permanency order, regardless of the fact the child had been in foster care for 930 consecutive nights.  

[¶2] The juvenile court did not abuse its discretion in terminating the mother’s parental rights based on the number of nights the child was in foster care, nor by refusing to continue placement through the underlying permanency order.  
See
 N.D.C.C. § 27-20-44(c)(2) (a court may terminate parental rights on a finding (1) the child is a deprived child, and (2) the child has been in foster care, in the care, custody, and control of a county social service board for at least 450 out of the previous 660 nights).  We conclude the juvenile court’s findings of fact are not clearly erroneous.  We summarily affirm under N.D.R.App.P. 35.1(a)(2) and (4).

[¶3] Gerald W. VandeWalle, C.J.

Lisa Fair McEvers

Daniel J. Crothers

Dale V. Sandstrom

Carol Ronning Kapsner